1  Justin H. Sanders (SBN 211488)
   justin@sandersfirmla.com
2  J. Stanley Sanders (SBN 043671)
   THE SANDERS FIRM LLP
3  333 South Grand Avenue, 25th Floor
   Los Angeles, California 90071
4  Telephone: (213) 943-1314
   Facsimile: (213) 234-4581
5
   Attorneys For Plaintiff
6  BLAKE EARL DUPREE

FILED
2009 FEB 17 AM 10:58
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAKE EARL DUPREE, an individual, | Case No. **CV09-1110 PLA** |
| Plaintiff, | |
| vs. | **COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND SUPPLEMENTAL CLAIMS** |
| COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, JAMES TATREAU, in his official and individual capacity; HOLGUIN, in his official and individual capacity; J. LOPEZ, in his official and individual capacity; MARTIN ACOSTA, in his official and individual capacity; R. RUEDAS, in his official and individual capacity; A. LIMBRICK, in his official and individual capacity; __ LEACH, in his official and individual capacity; R. VANDE VEGTE, in his official and individual capacity; A. TILL, in his official and individual capacity, and DOES 1 through 10, inclusive | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

1

COMPLAINT

Plaintiff BLAKE EARL DUPREE ("Plaintiff") alleges in his Complaint as follows:

## JURISDICTION AND VENUE

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Eighth and Fourteenth Amendments of the United States Constitution, and under the common law of the State of California, against the County of Los Angeles, the Los Angeles County Sheriff's Department and certain Los Angeles County Sheriff's officers (the individual Los Angeles County Sheriff's officers and employees are referred to herein as "Defendant Officers")(all defendants are referred to collectively as "Defendants"). Jurisdiction is based upon 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights) and on the pendent jurisdiction of this Court to entertain claims arising under state law. Venue lies in the Central District of California, the judicial district in which the claim arose, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

2. Plaintiff is an individual, and at all times mentioned herein was a citizen of the United States of America and resident of the County of Los Angeles.

3. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-10, inclusive, and therefore, sues those defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by these defendants.

4. At all times herein mentioned, Defendants James Tatreau, Jr. (#285004), Holguin (#443544)(first name unknown), J. Lopez (#455201)(first

1  name unknown), Martin Acosta (badge number unknown), R. Ruedas
2  (#108731)(first name unknown), A. Limbrick (#273559)(first name unknown),
3  Leach (#442440)(first name unknown), Vande Vegte (#413778)(first name
4  unknown) and A. Till (#451376)(first name unknown) were individuals employed
5  as police officers, sergeants, lieutenants, captains, chiefs, agents and
6  representatives of the Defendant Los Angeles County Sheriff's Department and
7  employees, agents and representatives of the Defendant County of Los Angeles.
8      5.    At all times herein mentioned, Defendants James Tatreau, Jr.
9  (#285004), Holguin (#443544)(first name unknown), J. Lopez (#455201)(first
10 name unknown), Martin Acosta (badge number unknown), R. Ruedas
11 (#108731)(first name unknown), A. Limbrick (#273559)(first name unknown),
12 Leach (#442440)(first name unknown), Vande Vegte (#413778)(first name
13 unknown) and A. Till (#451376)(first name unknown) were acting within the
14 scope of their employment as police officers, sheriffs, sergeants, lieutenants,
15 captains, chiefs, agents and representatives of Defendant Los Angeles County
16 Sheriff's Department and employees agents and representatives of Defendant
17 County of Los Angeles.  Defendant Officers were at all times relevant to this
18 Complaint duly appointed and acting officers of Defendants Los Angeles County
19 Sheriff's Department and County of Los Angeles, acting under color of law, to wit,
20 under color of the statues, ordinances, regulations, policies, customs and usages of
21 the State of California and/or the County of Los Angeles.  Plaintiff was deprived of
22 an interest protected by the Constitution and/or laws of the United States of
23 America, and each and every defendant caused, by commission or omission, such
24 deprivation while acting under color of law.
25     6.    Each and every defendant who is a natural person is sued in
26 both his/her individual/personal capacity, as well as in his/her official capacity if
27 he/she had any policymaking duties, functions, or responsibilities with respect to
28

the matters alleged herein.

7. Each and every allegation set forth in each and every averment of this pleading hereby is incorporated by this reference in each and every other averment and allegation of this pleading.

8. All acts and/or omissions perpetrated by each defendant, except any governmental entity defendant, was engaged in maliciously, callously, oppressively, wantonly, recklessly, with deliberate indifference to the rights allegedly violated, despicably, and with evil motive and/or intent, in disregard of the rights of Plaintiff.

9. Plaintiff is informed and believes and thereupon alleges, that in perpetrating the foregoing acts, each individual defendant was the agent or employee of each other defendant, was acting within the course and scope of such agency or employment, and was acting under color of state law and municipal authority.

10. Defendants County of Los Angeles and Los Angeles County Sheriff's Department and every defendant in his/her official capacity knowingly or with deliberate indifference to the rights allegedly violated caused to come into being, maintained, fostered, condoned, approved of, either before the fact or after the fact, ratified, took no action to correct, an official policy, practice, procedure, or custom of permitting the occurrence of the categories of wrongs set forth in this pleading, and/or improperly, inadequately, with deliberate indifference to the constitutional or other federal rights of persons, grossly negligently, with reckless disregard to constitutional or other federal rights, failed to properly train, to supervise, to retrain, if necessary, to monitor, or to take corrective action with respect to the County of Los Angeles and Los Angeles County Sheriff's Department and with respect to the types of wrongful conduct alleged in this pleading, so that each one of them is legally responsible for all of the injuries

1  and/or damages sustained by Plaintiff.

2        11.    Plaintiff has complied with all laws related to the filing of claims against public entities in California to the extent yesterday.

### FACTS COMMON TO ALL CAUSES OF ACTION

        12.    On or about the morning of February 26, 2008, Plaintiff drove to Bellflower High School in order to pick up his younger sister. Unbeknownst to Plaintiff, Plaintiff's mother, Tashauna Lynn Dupree, had called law enforcement to report that Plaintiff was driving her car without her approval. After Plaintiffs arrived at Bellflower High School, Plaintiff was detained by Bellflower High School Police without incident. Plaintiff was transferred to the custody of Defendant Los Angeles County Sheriff's Department and transported to the Los Angeles County Sheriff's Department, Lakewood Station (the "Lakewood Station"), located at 5130 N. Clark Ave., Lakewood, CA 90712. Plaintiff was booked upon arrival at the Lakewood Station with the approval of the watch commander. Plaintiff remained in the custody of Defendant Los Angeles County Sherriff's Department throughout remainder of the 26th of February 2008.

        13.    Throughout most of the morning of February 27, 2008, Plaintiff was standing on the top bunk of one of the bunk beds in his cell. Plaintiff is informed and believes that the top bunk of the bunk bed upon which he was standing stands between four and seven feet above the concrete floor of the cell. At some point on the morning of February 27, 2008, Defendant Officers requested that Plaintiff exit his cell in order to be fingerprinted. Plaintiff refused the Defendants Officers' request. Defendant Officers then planned amongst themselves and determined that they would use a 50,000 volt M-26 Taser gun (and one backup Taser). A Taser is an electric shock weapon that uses Electro-Muscular Disruption ("MED") technology to cause neuromuscular incapacitation ("NAME") and strong muscle contractions through the involuntary stimulation of

both the sensory nerves and the motor nerves. One of the most common and well-known effects of NMI is that the subject can fall immediately to the ground and be unable to catch him/herself. Another common and well-known effect of NMI is that the subject may freeze in place with legs locked.

14. At least seven Defendant Officers gathered outside Plaintiff's cell. One of the Defendant Officers opened the door to the cell. When the Defendant Officers entered Plaintiff's cell, Plaintiff was standing on the top bunk of one of the bunk beds in the cell, between four and seven feet above the concrete floor of the cell. Los Angeles County Sheriff's rules prohibit using the Taser on persons in danger of falling or becoming entangled in machinery or heavy equipment which could result in death or serious bodily injury. One of the Defendant Officers pointed one of the M-26 Taser guns at Plaintiff and Plaintiff raised his hands in a defensive posture. One of the Defendant Officers fired one of the M26 Taser guns, striking Plaintiff in the chest and thigh, stunning Plaintiff and causing Plaintiff's body to freeze. Plaintiff fell off the top bunk and landed on the concrete floor on his back, injuring his back and his head severely. Defendant Officers then handcuffed Plaintiff with a waist chain and ordered him to stand up. Due to Plaintiff's severe injuries, Plaintiff could not comply with the order. Plaintiff told the Defendant Officers that he could not stand up or feel his legs, but the Defendant Officers did not alert medical professionals immediately. Instead, Defendant Officers continued to order Plaintiff to stand up. Defendant Officers then carried Plaintiff to the fingerprint area of the Lakewood Station, dumped him to the floor, and proceeded to fingerprinted him despite his severe injuries.

15. Defendants' deployment of the M-26 Taser on Plaintiff while Plaintiff stood on the elevated bunk bed was recorded on videotape by Defendant Officers present at Lakewood Station.

16. Defendant Officers eventually called the Los Angeles County

1  Fire Department and Plaintiff was transported to Tri-City Medical Center, located
2  at 21530 S. Pioneer Blvd., Hawaiian Gardens, California. Plaintiff was
3  subsequently transported to County + USC Medical Center in downtown Los
4  Angeles.

5        17.  Defendants' actions resulted in the fracture of Plaintiff's spine
6  between the T4 and T5 vertebrates with complete spinal cord injury. Defendants'
7  actions rendered Plaintiff paraplegic. Plaintiff has no use of his mid to lower torso
8  or legs, and limited use of his arms. Plaintiff is now confined to a wheelchair.

9        18.  On or about March 3, 2008 doctors at County + USC Medical
10 Center performed a spinal fusion surgery on Plaintiff's spine.

11       19.  On or about May 3, 2008, Plaintiff was transferred to Rancho
12 Los Amigos National Rehabilitation Center in Downey, California, where he
13 remained on an inpatient basis for several months.

### FIRST CAUSE OF ACTION
### MUNICIPAL LIABILITY - 42 U.S.C. SECTION 1983
(Against Defendants County of Los Angeles and
Los Angeles County Sheriff's Department)

18       20.  Plaintiff repeats and re-alleges herein each of the above
19 allegations set forth in the preceding paragraphs.

20       21.  The violation of Plaintiff's civil rights occurred as a result of
21 the widespread and settled custom, practice and/or policy in the Los Angeles
22 County Sheriff's Department and County of Los Angeles. Any governmental
23 entity defendant and any supervisor defendant employed by such government
24 entity is liable to each plaintiff for all wrongs alleged in this Complaint under
25 *Monell v. New York Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018
26 (1978).

27       22.  As a direct and proximate result of Defendants' actions and the

custom, practice and policies of Defendants County of Los Angeles and Los Angeles County Sheriff's Department, Plaintiff suffered damages in terms of lost wages, and other compensation; suffered physical and emotional injuries, including paralysis, head injuries, surgeries, humiliation and depression, all of which is continuing; incurred damage to his reputation; incurred costs and will incur future costs. Plaintiff's actual damages will be ascertained at trial.

23. The conduct of Defendants was despicable, oppressive, malicious, and expressly intended to injure or damage Plaintiff or was done with conscious disregard of his rights, thereby justifying an award of exemplary damages against Defendants in a sum appropriate to punish and make an example of Defendants.

## SECOND CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS UNDER THE FOURTH AMENDMENT
## 42 U.S.C. SECTION 1983
(Against All Defendants)

24. Plaintiff repeats and re-allege herein each of the above allegations set forth in the preceding paragraphs.

25. The conduct of each Defendant violated Plaintiff's rights to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures and not to be subjected to the use of excessive force as guaranteed by the Fourth Amendment to the United States Constitution and entitles Plaintiff to recover damages pursuant to 42 U.S.C. Section 1983.

26. Defendants violated Plaintiff's civil rights by their unreasonable use of excessive force against Plaintiff by deploying the Taser against him unnecessarily while he was standing on the top bunk of an elevated bunk bed and vulnerable to a severe fall. Moreover, Defendants violated Plaintiff' civil rights by

forcefully grabbing, handcuffing and carrying and/or dragging Plaintiff after he sustained major injuries. Defendants acted with the intent to harm and offend and at no time did Plaintiff Blake Earl Dupree consent to said touching.

27. Defendants acted, or purported to act, in the performance of their official duties and scope of employment and therefore, pursuant to Government Code Section 815.2, Defendants County of Los Angeles and Los Angeles Sheriff's Department also are liable for the injuries proximately caused by the acts of its employees.

28. In acting as alleged in this Complaint, Defendants acted knowingly, willfully, and maliciously and with reckless and callous disregard for Plaintiff's federally protected rights. Furthermore, the customs, practices and policies of Defendants County of Los Angeles and Los Angeles County Sheriff's Department amounted to deliberate indifference to the rights of Plaintiff.

29. As a direct and proximate result of Defendants' actions and the custom, practice and policies of Defendants County of Los Angeles and Los Angeles County Sheriff's Department, Plaintiff has suffered loss, injury and damage and herein alleged.

### THIRD CAUSE OF ACTION
### VIOLATION OF CIVIL RIGHTS UNDER EIGHTH AMENDMENT AND 42 U.S.C. SECTION 1983
#### (Against All Defendants)

30. Plaintiff repeats and re-alleges herein each of the above allegations set forth in the preceding paragraphs.

31. The conduct of each Defendant violated Plaintiff's right not to be subjected cruel and unusual punishment while in the custody of Defendants.

32. Defendants violated Plaintiff's civil rights by their unreasonable and willful denial and failure to furnish Plaintiff with medical care despite having