HAROLD G. BECKS, ESQ., Bar No. 59126
**HAROLD G. BECKS & ASSOCIATES**
3255 Wilshire Boulevard, Suite 1734
Los Angeles, California 90010
Telephone: (213) 385-9852
Facsimile: (213) 385-1370

Attorneys for Defendants
**COUNTY OF LOS ANGELES**, *et al.*

JUSTIN H. SANDERS, ESQ., Bar No. 211488
J. STANLEY SANDERS, ESQ., Bar No. 43671
**THE SANDERS FIRM LLP**
333 S. Grand Avenue, 25th Floor
Los Angeles, California 90071
Telephone: (213) 943-1314
Facsimile: (213) 234-4581

Attorneys for Plaintiff
**BLAKE EARL DUPREE**

FILED
CLERK, U.S. DISTRICT COURT

AUG 3 1 2009

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

NOTE CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAKE EARL DUPREE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, JAMES TATREAU, in his official and individual capacity; HOLGUIN, in his official and individual capacity; J. LOPEZ, in his official and individual capacity; MARTIN ACOSTA, in his official and individual capacity; R. RUEDAS, in his official and individual capacity; A. LIMBRICK, in his official and individual capacity; __ LEACH, in his official and individual capacity; R. VANDE VEGTE, in his official and individual capacity; A. TILL, in his official and individual capacity, LEE BACA, in his official and individual capacity, __ GUERRA, and DOES 1 through 10, inclusive,<br><br>Defendants. | **Case No. CV 09-1110 AHM (SSx)**<br><br>Action Filed: February 18, 2009<br><br>[Assigned to the Hon. A. Howard Matz]<br><br>[~~PROPOSED~~] ORDER APPROVING JOINT STIPULATION AND PROTECTIVE ORDER.<br><br>**All future discovery filings shall include the following language on the cover page:**<br>**"[Referred to Magistrate Judge Suzanne H. Segal]"** |

1    The Court, having reviewed the Joint Stipulation and Protective Order of

2    executed by Plaintiff BLAKE EARL DUPREE, by and through his attorneys of

3    record, JUSTIN H. SANDERS, ESQ., of THE SANDERS FIRM LLP; and

4    Defendants COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S

5    DEPARTMENT, JAMES TATREAU, DANIEL HOLGUIN, J. LOPEZ, MARTIN

6    ACOSTA, R. RUEDAS, A. LIMBRICK, M. LEACH, R. VANDE VEGTE, A. TILL,

7    LEE BACA, J. GUERRA, by and through their attorneys of record, HAROLD G.

8    BECKS, ESQ., of HAROLD G. BECKS & ASSOCIATES, constituting all the parties

9    who have appeared in this lawsuit, and

10

11    GOOD CAUSE appearing in the Joint Stipulation and Protective Order,

12

13    THE JOINT STIPULATION AND PROTECTIVE ORDER IS HEREBY

14    APPROVED AND GRANTED.

15

16    **IT IS HEREBY SO ORDERED.**

17

18    IT IS SO ORDERED.

19    DATED: 8/31/09

20

21    _____

22    UNITED STATES MAGISTRATE JUDGE

23

24    All future discovery filings shall

25    include the following language
     on the cover page:

26    "[Referred to Magistrate Judge

27    Suzanne H. Segal]"

28

[PROPOSED] ORDER APPROVING JOINT STIPULATION AND PROTECTIVE ORDER

1  HAROLD G. BECKS, ESQ., Bar No. 59126
**HAROLD G. BECKS & ASSOCIATES**
2  3255 Wilshire Boulevard, Suite 1734
Los Angeles, California 90010
3  Telephone:  (213) 385-9852
Facsimile:  (213) 385-1370
4
Attorneys for Defendants
5  **COUNTY OF LOS ANGELES, et al.**

6  JUSTIN SANDERS, ESQ., Bar No. 211488
J. STANLEY SANDERS, ESQ., Bar No. 43671
7  **THE SANDERS FIRM LLP**
333 S. Grand Avenue, 25th Floor
8  Los Angeles, California 90071
Telephone:  (213) 943-1314
9  Facsimile:  (213) 234-4581

10

11                    **UNITED STATES DISTRICT COURT**

12                    **CENTRAL DISTRICT OF CALIFORNIA**

13  BLAKE EARL DUPREE, an individual, )   **Case No. CV 09-1110 AHM (SSx)**

14               Plaintiff,            )   Action Filed: February 18, 2009

15        vs.                         )   [Assigned to the Hon. A. Howard Matz]

16  COUNTY OF LOS ANGELES; LOS )       **JOINT  STIPULATION  AND**
ANGELES COUNTY SHERIFF'S )           **PROTECTIVE ORDER.**
17  DEPARTMENT, JAMES TATREAU, in )
his official and individual capacity; )
18  HOLGUIN, in his official and individual )
capacity; J. LOPEZ, in his official and )
19  individual capacity; MARTIN ACOSTA, )
in his official and individual capacity; R. )
20  RUEDAS, in his official and individual )
capacity; A. LIMBRICK., in his official )
21  and individual capacity; ___ LEACH, in his )
official and individual capacity; R. )
22  VANDE VEGTE, in his official and )
individual capacity; A. TILL, in his )
23  official and individual capacity, LEE )
BACA, in his official and individual )
24  capacity, ___ GUERRA, and DOES 1 )
through 10, inclusive, )
25                                     )
               Defendants.            )
26  _____ )

27  ///

28  ///

08/17/2009  02:46   2133851378                    HG BECKS AND ASS                         PAGE  04

1   **TO THE CLERK OF THE UNITED STATES DISTRICT COURT:**

2       After conferring regarding the discovery of documents and things in the

3   above-entitled case, Plaintiff BLAKE EARL DUPREE ("Plaintiff") and Defendants

4   COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S

5   DEPARTMENT, JAMES TATREAU, DANIEL HOLGUIN, JASON LOPEZ,

6   MARTIN ACOSTA, RALPH RUEDAS, ANITA LIMBRICK, MARK LEACH,

7   RONALD VANDE VEGTE, ANTHONY TILL, LEE BACA, and JOSE GUERRA

8   ("Defendants"), by and through their respective counsel of record, HEREBY

9   STIPULATE AND AGREE, as follows:

10      1.    Defendants will provide documents and information responsive to

11  Plaintiff's Request for Production of Documents and Special Interrogatories designated

12  as "Confidential Information," by Defendants and Defendants' counsel, pursuant to

13  the terms of this Joint Stipulation and Protective Order.  Plaintiff agrees to honor and

14  abide by these terms in regards to the writings, information, testimony, and tangible

15  things designated as "Confidential Information", and which is subject to the terms and

16  conditions of this Joint Stipulation and Protective Order.

17      2.    The term "Confidential Information" refers to, and consists of, writings,

18  documents, information, and tangible things, including, but not limited to, pictorial

19  representations, including, but not limited to, photographs, diagrams, and writings,

20  and video and audio tapes and cassettes, DVD's and CD's, and includes any writing

21  relating or referring thereto, and any copy, duplication and/ or replication thereof,

22  which has not been made public and (1) may be protected under the right of privacy

23  of the United States Constitution, the California Constitution, and the Public Safety

24  Officers procedural Bill of Rights Act (Cal. *Govt. Code* § 3303 *et seq.;* the Official

25  Information Privilege, the Government Communication Privilege, the Self-Critical

26  Analysis Privilege, the Self-Deliberative Analysis Privilege, the Investigatory Process

27  Privilege, and the Law Enforcement Privilege, or limitations of California law on

28  discovery of peace officer personnel records (Cal. *Evid. Code* § 1143-1147 *et seq.);*

HG BECKS AND ASS

PAGE 05

and/ or (2) may have the effect of causing harm to the law enforcement officers themselves, and/ or to the effective operation of the Los Angeles County Sheriff's Department (collectively, the "Confidential Information").

3.   The parties further agree that the following Confidential Information will be produced by the Defendants, once a Protective Order has been entered into and executed by all pertinent parties, and approved by the judge, and shall be subject to the terms of this Joint Stipulation and Protective Order; it should be noted that some of the items have not been verified to exist:

    a.   Videotape of the incident alleged in the complaint;

    b.   Videotaped interviews of Frank Mello, Eugene Roybal and Jose Del Carmen;

    c.   The training of the defendant sheriffs Mark Leach, Daniel Holguin, James Tatreau, Jason Lopez, Martin Acosta, Ralph Ruedas, Anita Limbrick, Ronald Vande Vegte, Anthony Till, and Jose Guerra;

    d.   Pictorial representations, including photographs and diagrams, of the cell and hallway from the cell to the booking area of the Lakewood facility of the Los Angeles County Sheriff's Department;

    e.   Photographs of the Plaintiff;

    f.   Booking documents of the Plaintiff;

    g.   County of Los Angeles policy and procedure at sheriff's stations relating to Tasers as of the date of the incident alleged in the first amended complaint;

    h.   County of Los Angeles policy and procedure at sheriff's stations relating to medical care of inmates as of the date of the incident alleged in the first amended complaint;

Case 2:09-cv-01110-AHM-SS  Document 45  Filed 08/31/09  Page 6 of 14  Page ID #:326
Sent By: JSTANLEYSANDERSLAW;          3237378333;          Aug-17-09 16:50;          Page 5

09/17/2009  02:46  2133851370          HG BECKS AND ASS          PAGE  06

i.   County of Los Angeles policy and procedure at sheriff's stations relating to the provision of medical care for impaired inmates as of the date of the incident alleged in the first amended complaint, if any;

j.   County of Los Angeles policy and procedure at sheriff's stations relating to uncooperative inmates as of the date of the incident alleged in the first amended complaint, if any;

k.   County of Los Angeles policy and procedure at sheriff's stations relating to the fingerprinting and processing of inmates as of the date of the incident alleged in the first amended complaint, if any;

l.   The time of the call from the Lakewood Station of the Los Angeles County Sheriff's Department to the paramedics.

4.   Defendants will not produce the following Confidential Information, **to which production Defendants object on the basis of privilege**, except by court order, or except by stipulation of the parties and subject to the terms of this Joint Stipulation and Protective Order:

a.   Addresses of individual defendants or other County employees or independent contractors;

b.   Names and addresses of relatives of individual defendants;

c.   Financial information, including salary history and related information, and insurance, of the individual defendants;

d.   Medical information and records relating to individual defendants, including physical, or psychiatric or psychological information and conditions;

e.   Law enforcement performance and test results of individual defendants;

f.   Personal history and information of individual defendants;

g.   Performance reviews of individual defendants;

Case 2:09-cv-01110-AHM-SS   Document 45   Filed 08/31/09   Page 7 of 14   Page ID #:327
Sent By: JSTANLEYSANDERSLAW;                    3237376333;          Aug-17-09 16:50;          Page 6

08/17/2009  02:46     2133851370              HG BECKS AND ASS                    PAGE  07

h.   Any item originating from, directed to, or relating to, Internal Affairs, including, but not limited to, any writings, documents, tangible things, memoranda, drafts, and communications, audio-cassettes, reports, studies, investigations, reports, procedures, policies and administrative rules, or the identities of any individual who works in Internal Affairs;

i.   Any writing or tangible thing or information relating to any other lawsuit involving any of the defendants or any individual employed by the County of Los Angeles or the Los Angeles County Sheriff's Department;

j.   Any writing or tangible thing or information relating to individuals who write or draft policies and procedures implemented by the County of Los Angeles or the Los Angeles County Sheriff's Department;

k.   Discipline and discipline history of individual defendants;

l.   Diagrams, blueprints, drawings and other pictorial representations, including photographs and videos, of the entire or complete facility known as the Lakewood Station of the Los Angeles County Sheriff's Department;

m.   The complete Policies and Procedures Manual or internal administrative procedures of the Los Angeles County Sheriff's Department, or any policy and procedure of the Los Angeles County Sheriff's Department, except those specifically identified herein;

n.   Any writing, tangible thing or information relating to complaints or misconduct as to the individual defendants;

o.   The personnel file of any individual defendant, or any item therein;

08/17/2009    02:46    2133851370            HG BECKS AND ASS              PAGE    08

p.     Any change in or to any policy or procedure of the Los Angeles County Sheriff's Department, dated subsequent to February 27, 2008, and any writing or tangible thing or information relating thereto;

q.     Disclosure of expert witness in advance of those times provided in Federal Rules of Civil Procedure, Rules 16 and 26, and any Local Rules;

r.     Videotapes and cassettes, audiotapes and cassettes, CD's and DVD's, videocassette and DVD's containing any of the items identified in subparts a. through and including r. of this paragraph.

# TERMS OF THE PROTECTIVE ORDER

5.     The Confidential Information shall only be released, transmitted, delivered, given, or otherwise transferred physically to the attorneys of record in this case, except as authorized in Paragraph 9, herein.

6.     The Confidential Information, and any copies or duplications thereof, shall not, under any circumstances, be released, transmitted, delivered, given, or otherwise transferred physically to any party, including, but not limited to, Plaintiff Blake Earl Dupree, or to any relative of any party to this case, including, but not limited to, Plaintiff's mother, Tashauna Lynn Dupree.

7.     The attorneys of record to this case may discuss the Confidential Information with any party to this case, for the purpose of litigating the case of *Blake Earl Dupree v. County of Los Angeles, et al.*, United States District Court, Central District Case No. Case No. CV 09-1110 AHM (SSx), and for no other purpose, except by further stipulation of the parties or by court order for the litigation of the above-entitled action. Counsel for Plaintiff may show the videos, photographs, and documents listed in Paragraphs 3.a., 3.b., 3.d., 3.e., and 3.f., to Plaintiff Blake Earl

1  Dupree, and to his mother, Tashauna Lynn Dupree. However, as described in further
2  detail in Paragraph 9 of this Joint Stipulation and Protective Order, counsel for
3  Plaintiff shall not transfer physical possession, custody or control of the videos,
4  photographs and documents listed in Paragraphs 3.a., 3.b., 3.d., 3.e., and 3.f., **to**
5  **anyone, including** Plaintiff Blake Earl Dupree, and his mother, Tashauna Lynn
6  Dupree.

7      8.    As a condition of receiving the Confidential Information, all counsel for
8  the Plaintiff and for the Defendants shall personally safeguard and keep confidential
9  in their possession, custody and control,, all Confidential Information, and all copies
10  thereof, provided by the County of Los Angeles and other Defendants. The
11  Confidential Information and all copies are to be used only for the purposes set forth
12  below, and only for the purpose of litigating the case of *Blake Earl Dupree v. County*
13  *of Los Angeles, et al.*, United States District Court, Central District Case No. Case
14  No. CV 09-1110 AHM (SSx), and for no other purpose, except by further stipulation
15  of the parties or pursuant to court order.

16      9.    The attorneys of record to this case may release, transmit, deliver or
17  transfer physically, the Confidential Information, and may discuss the Confidential
18  Information with, subject to the terms of this Joint Stipulation and Protective Order,
19  the following persons, for the purpose of litigating the case of *Blake Earl Dupree v.*
20  *County of Los Angeles, et al.*, United States District Court, Central District Case No.
21  Case No. CV 09-1110 AHM (SSx), and for no other purpose, except by further
22  stipulation of the parties or by court order:

23          (a)    counsel for any party to this action;
24          (b)    counsel, paralegal, stenographic, clerical, secretarial and other
25                  staff personnel employed by counsel for any party;
26          (c)    court personnel, including stenographic reporters engaged in such
27                  proceedings as are necessary incident to preparation for the trial,
28                  including the trial itself, in this action;

(d)   an outside expert or consultant retained in connection with this action, and not otherwise employed by any party;

(e)   an investigator retained to work on this case by counsel for any party to this case.

(f)   Any individual identified in sub-parts (d) and (e) of this Paragraph must sign an acknowledgment that the individual has read and understood this Joint Stipulation and Protective Order, and that the individual will also be bound by the provisions of this Joint Stipulation and Protective Order.

10.   Plaintiff's counsel alone will have physical possession, custody, control and access to the Confidential Information, and will be prohibited from releasing, transmitting, delivering, giving, or otherwise transferring physically, or negligently allowing physical possession of Confidential Information to be transferred, or discussing, disclosing, disseminating, or otherwise divulging, Confidential Information, except as otherwise provided in Paragraph 9 of this Protective Order, to any other person or persons, including Plaintiff Blake Earl Dupree, or Plaintiff's mother, Tashauna Lynn Dupree, or to any witness or other complainant. Plaintiff's counsel shall not provide Plaintiff or his mother, either orally or in writing, with the addresses and telephone numbers of any person, including the individual defendants and County employees, but Plaintiff's counsel may discuss the information obtained from any investigation conducted with witnesses or complainants.

11.   The Confidential Information, and copies of Confidential Information shall only be used for defending and prosecuting the instant case pending the completion of the judicial process, including appeal, if any.

12.   The parties and their counsel are prohibiting from releasing, transmitting, delivering, giving, or otherwise transferring physically, or discussing, disclosing, disseminating or otherwise divulging, to the general public, or to any member of the press, or news or entertainment media or outlet, any of the Confidential Information.

8

JOINT STIPULATION (6) AND PROTECTIVE ORDER THEREON

1   or any information derived from discovery during this litigation, including, but not

2   limited to, any demand or request for production of documents, request for

3   admissions, interrogatories, depositions, or any other discovery device.

4        13.   Any Confidential Information used in the present action shall remain

5   privileged at all times. To the extent that any Confidential Information is to be used

6   as part of a motion or other public filing, such Confidential Information is to be

7   placed and filed ~~under seal~~. Local Rule 79. (5-5)

8        14.   Upon conclusion of the above-entitled action, including any appeal, all

9   Confidential Information, as well as any information or documents obtained and/ or

10   derived from the disclosure of the Confidential Information, shall be kept confidential

11   and shall be returned to the producing party or non-party, as the case may be.

12        15.   This Joint Stipulation and Protective Order is entered into without

13   prejudice to the right of any party to challenge the propriety of discovery on other

14   grounds, and nothing contained herein shall be construed as a waiver of any

15   applicable privilege, nor of any objection that might be raised as to the admissibility

16   at trial of any evidence.  In particular, Defendants' decision to enter into this

17   Stipulation and Protective Order is made without waiver of the privileges and rights

18   afforded to them, including, but not limited to, the right to privacy embodied by the

19   United States Constitution or the right to object at the time of trial to the admissibility

20   of the documents or to preclude Defendants from filing pre-trial motions with regard

21   to the admissibility thereof or the information contained therein.

22        16.   Counsel for all parties are prohibited from causing, directly or indirectly,

23   the release, transmittal, delivery, giving, or the physical transfer, and are prohibited

24   from discussing, disclosing, disseminating or otherwise divulging, to the general

25   public, or to any member of the press, or news or entertainment media or outlet, the

26   Confidential Information, or contents thereof,  received from the County of Los

27   Angeles, especially the personal information of witnesses, except as expressly

28   provided under the terms and conditions of this Joint Stipulation and Protective

Sent By: JSTANLEYSANDERSLAW;                3237376333;         Aug-17-09 16:52;        Page 11/12

08/17/2009  02:46    2133851370                 HG BECKS AND ASS                        PAGE  12

1   Order.

2        17.   All disputes regarding this Joint Stipulation and Protective Order shall

3   be handled pursuant to Local Rule 37, including disputes relating to the violation of

4   this Joint Stipulation and Protective Order. Plaintiff's counsel will advise defense

5   counsel if they believe that any documents designated as confidential pursuant to this

6   Joint Stipulation and Protective Order does not warrant that designation. The parties

7   will attempt to resolve the issue pursuant to Local Rule 37 before submitting the issue

8   to the Court. The parties will continue to treat the Confidential Information at issue

9   as confidential and subject to this Stipulation and Protective Order until the Court

10  rules upon the dispute.

11       18.   If, in connection with any deposition taken in this action, Plaintiff's

12  attorneys question a witness regarding materials subject to this Joint Stipulation and

13  Protective Order, or uses Confidential Information as deposition exhibits, then at the

14  at the request of any counsel for any of the parties, the portions of the transcripts of

15  such deposition testimony dealing with the confidential material, and any exhibits,

16  shall be sealed and made subject to the provisions of this Joint Stipulation and

17  Protective Order.

18       19.   This Joint Stipulation and Protective Order is entered into solely for the

19  purpose of facilitating the exchange of the Confidential Information between the

20  parties hereto. Nothing in this Joint Stipulation and Protective Order, nor in the

21  production of the information or documents designated as Confidential Information

22  under the terms of this Joint Stipulation and Order shall be deemed to have the effect

23  of an admission or waiver by either party, or of altering the confidentiality or non-

24  confidentiality of any document or information, or to preclude the parties from

25  asserting other privileges with regard to said information and/ or document.

26       20.   Nothing in this Joint Stipulation and Protective Order is intended to

27  prevent officials or employees of the Los Angeles County Sheriff's Department or

28  other authorized individuals from having access to the documents if they would have

1  had access in the normal course and scope of the performance of their job duties.

2     21.   Subject to the further order of the Court or further stipulation by counsel

3  for the parties, this Joint Stipulation and Order shall survive the final determination

4  of this action and shall remain in full force and effect after conclusion of all

5  proceedings herein, and the Court shall have continuing jurisdiction to enforce its

6  terms.

7

8  **IT IS SO HEREBY STIPULATED.**

9

10  Dated: Aug 19 , 2009   **HAROLD G. BECKS & ASSOCIATES**

11

12     By: _____

13        Harold G. Becks, Esq.
        Attorneys for Defendants

14        COUNTY OF LOS ANGELES, et al.

15  Dated: Aug 17 , 2009   **THE SANDERS FIRM LLP**

16

17

18     By: _____

19        Susan Sanders, Esq.
        Attorneys for Plaintiff

20        BLAKE EARL DUPREE

21                **ORDER**

22     Good cause appearing in the Joint Stipulation,

23

24  **IT IS HEREBY SO ORDERED.**

25  Dated:

26

27            THE HONORABLE A. HOWARD MATZ, JUDGE
28            UNITED STATES DISTRICT COURT

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES
### BLAKE DUPREE v. COUNTY OF LOS ANGELES, et al

I am employed in the City of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 3255 Wilshire Boulevard, Suite 1734, Los Angeles, California 90010.

On August 21, 2009, I served the foregoing document described as **JOINT STIPULATION AND PROTECTIVE ORDER,** on all interested parties in this action by placing **X** a true and accurate copy thereof, enclosed in sealed envelopes, addressed as follows:

**Justin H. Sanders, Esq.**                     Attorney's for Plaintiff
**THE SANDERS FIRM LLP**
**333 South Grand Avenue, 25th Floor**
**Los Angeles, California 90071**
**Facsimile:  (213) 234-4581**

**[ X ]   BY MAIL**: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.   Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[   ]   BY PERSONAL SERVICE** : I hand caused _____ to hand deliver such envelope(s) to the named addressee.

**[ X ]   BY FACSIMILE**: The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine.  Pursuant to Rule 2005(I), I caused the machine to print a report of the transmission.

**[   ]**    (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**[ X ]**   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 21, 2009, at Los Angeles, California.

_LaTaunya Hendricks_

12