O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-01110 AHM (SSx) | Date | September 17, 2009 |
|---|---|---|---|

| Title | BLAKE EARL DUPREE v. COUNTY OF LOS ANGELES *et al.* |
|---|---|

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:        Attorneys **NOT** Present for Defendants:

**Proceedings:**        IN CHAMBERS (No Proceedings Held)

## I.    INTRODUCTION

This action arises from a Tasering incident on February 27, 2008. Plaintiff filed the Complaint on February 17, 2009. On March 23, 2009, Plaintiff filed a First Amended Complaint ("FAC"). He names as Defendants the County of Los Angeles, the Los Angeles County Sheriff's Department, Lee Baca, James Tatreau, Scott Holguin, Jason Lopez, Martin Acosta, Ralph Ruedas, Anita Limbrick, Mark Leach, Ronald Vande Vegte, Anthony Till, Guerra (first name unknown), and Does 1 through 10." FAC ¶ 4. Plaintiff brings his first eight causes of action under 42 U.S.C. § 1983 and his remaining five causes of action under state law.

The claims are: (1) municipal *Monell*[1] liability under § 1983, against the County and the Sheriff's Department; (2) violation of Fourth Amendment and § 1983, against all Defendants; 3) violation of Eighth Amendment and § 1983, against all Defendants; (4) failure to intervene to prevent civil rights violations under § 1983, against all Defendants; (5) violation of Fourteenth Amendment and § 1983, against all Defendants; (6) failure to train under § 1983, against the County, Sheriff's Department, Baca, Tatreau, Acosta and Ruedas; (7) conspiracy to violate civil rights in violation of § 1983, against all except Baca; (8) *Monell* liability for failure to supervise in violation of § 1983, against the County, Sheriff's Department, Baca, Tatreau, Acosta and Ruedas; (9) assault, against all except the County, the Sheriff's Department and Baca; (10) battery, against all except the County, the Sheriff's Department and Baca; (11) intentional infliction of emotional

---

[1] *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-01110 AHM (SSx) | Date | September 17, 2009 |
|---|---|---|---|
| Title | BLAKE EARL DUPREE v. COUNTY OF LOS ANGELES *et al.* | | |

distress, against all except the County, the Sheriff's Department and Baca; (12) negligent supervision and training, against Baca, Tatreau, Acosta and Ruedas; (13) negligence, against all Defendants. Plaintiff prays for general and special damages, costs of suit, and attorneys' fees on all the claims. Plaintiff also seeks punitive damages under section 1983.

Defendants move to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes Defendant's motion.

For the reasons stated below, the Court GRANTS IN PART AND DENIES IN PART Defendants' motion. Specifically, the Court dismisses all claims against Baca without leave to amend and all claims against Acosta and Vande Vegte with leave to amend. The Court dismisses the seventh claim against the County with leave to amend and the ninth, tenth, and eleventh claims against Tatreau, Acosta, Limbrick, Vande Vegte, and Till with leave to amend. The Court denies the motion to dismiss as to the rest of the claims. However, the Court *sua sponte* STRIKES the second, third and fifth claims (as against the County and Sheriff's Department only) and the fourth, sixth and eighth claims (in their entirety), because they are completely redundant and unnecessary, but Plaintiff may amend the remaining § 1983 claims to account for any particular theories of § 1983 liability that he attempted to cover in the claims that have been stricken. In addition, the Court ORDERS Plaintiff to consolidate his § 1983 claims against the County, arising out of the conduct of the Sheriff's Department, to a single cause of action against a single municipal defendant—*i.e.*, only the County—to avoid redundancy.

## II.    FACTUAL ALLEGATIONS

Plaintiff was arrested and booked at Lakewood Station on February 26, 2008. FAC ¶ 11-12. On February 27, 2008, he was standing on his bunk four to seven feet above a concrete floor when he refused to comply with Tatreau's request to exit his cell. *Id.* ¶ 13. According to Plaintiff, Tatreau, Holguin, Lopez, Acosta, Ruedas, Limbrick, Leach, Vande Vegte, Guerra, and Till then met outside Plaintiff's cell and decided to Taser him. *Id.* ¶ 14. These individual Defendants then entered Plaintiff's cell, with Leach and Vande Vegte each carrying Tasers. *Id.* The remaining Defendants "watched" or "participated" while Leach Tasered him. *Id.* Plaintiff then fell from the upper bunk to the concrete floor. *Id.* This was videotaped by Till at the direction of Ruedas. *Id.* ¶ 15.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-01110 AHM (SSx) | Date | September 17, 2009 |
|---|---|---|---|
| Title | BLAKE EARL DUPREE v. COUNTY OF LOS ANGELES *et al.* | | |

Plaintiff alleges that after Lopez, Holguin, and Guerra handcuffed Plaintiff and ordered him to stand, Plaintiff said that he could not stand up or feel his legs. *Id.* ¶ 15. Plaintiff later repeated this statement twice. *Id.* Lopez, Holguin, and Guerra then carried him outside of the cell and "dumped him on the floor." Ruedas ordered Plaintiff to be lifted up by his nostrils and Holguin twice attempted to do so. *Id.* Holguin and Lopez then carried Plaintiff down the hall to the fingerprint area and "dumped him to the floor a second time, and proceeded to fingerprint him" despite his statements that he could not feel his legs. *Id.* ¶ 14-15. Plaintiff alleges that he was "eventually" transported to a medical center. *Id.* ¶ 16. Plaintiff alleges that he is now a paraplegic. *Id.* ¶ 17.

Sheriff's Department rules prohibit Tasering people who may receive "severe bodily injury" if they fall. *Id.* ¶ 14. Plaintiff alleges that the County, Sheriff's Department, and Sheriff Baca maintain a "policy" of ignoring a "long history of complaints and lawsuits" regarding constitutional rights violations similar to those suffered by Plaintiff. *Id.* ¶ 10. Plaintiff further alleges that there are policies regarding Tasering, provision of medical care, cell extraction, and fingerprinting that resulted in "the categories of wrongs" suffered by Plaintiff. *Id.* Finally, Plaintiff alleges that his injuries resulted from the implementation of these policies and the negligent supervision and hiring of employees by the County, Sheriff's Department, Baca, Tatreau, Acosta, and Ruedas. *Id.* ¶ 10, 55-56.

## III. LEGAL STANDARD

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, the allegations of the complaint must be accepted as true and are to be construed in the light most favorable to the nonmoving party. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. Thus, if the complaint states a claim under any legal theory, even if the plaintiff erroneously relies on a different legal theory, the complaint should not be dismissed. *Haddock v. Bd. of Dental Examiners*, 777 F.2d 462, 464 (9th Cir. 1985).

Federal Rule of Civil Procedure 8(a)(2) requires

only "a short and plain statement of the claim showing that the pleader is

Case 2:09-cv-01110-AHM-SS   Document 47   Filed 09/17/09   Page 4 of 15   Page ID #:338

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-01110 AHM (SSx) | Date | September 17, 2009 |
|---|---|---|---|
| Title | BLAKE EARL DUPREE v. COUNTY OF LOS ANGELES *et al.* | | |

> entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" . . . While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . ., a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

"Two working principles underlie . . . *Twombly*." *Ashcroft v. Iqbal* __ U.S. __, 129 S. Ct. 1937, 1949 (2009). "First, the tenet that a court must accept as true all allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1949-50. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* at 1949. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. . . . However, material which is properly submitted as part of the complaint may be considered" on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss without converting the motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). If the documents are not physically attached to the complaint, they may be considered if their "authenticity . . . is not contested" and "the plaintiff's

O

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-01110 AHM (SSx) | Date | September 17, 2009 |
|---|---|---|---|
| Title | BLAKE EARL DUPREE v. COUNTY OF LOS ANGELES *et al.* | | |

complaint necessarily relies" on them. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998). Furthermore, under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). "The district court will not accept as true pleading allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading." 5C Wright & Miller, *Fed. Prac. & Pro.* § 1363 (3d ed. 2004).

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

**IV.   ANALYSIS**

Defendants make a number of fairly boilerplate arguments. The complaint itself is long and repetitive. For example, in the first cause of action, Plaintiff pleads a *Monell* claim against the County and the Sheriff's department. In subsequent causes of action under § 1983, Plaintiff unnecessarily includes the County and the Sheriff's Department among the defendants and repeats the same *Monell* allegations. If Plaintiff amends the complaint, he is directed to eliminate the redundancies in the causes of action.

**A.   Plaintiff's Facts and Legal Theories Are Not Limited to Those Stated in His Administrative Claim**

The Court overrules Plaintiff's evidentiary objection and takes judicial notice of Plaintiff's administrative claim dated March 20, 2008, because it is a matter of public record. *See* Declaration of Harold Becks ¶ 1, Ex. A.

Defendants contend that all claims against Acosta, Vande Vegte, and Baca fail because Plaintiff's administrative claim did not name these three individuals. They also contend that Plaintiff cannot now allege untimely medical treatment and negligent hiring and supervision (relating to the fourth and twelfth causes of action) because those allegations were not made in the administrative claim.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-01110 AHM (SSx) | Date | September 17, 2009 |
|---|---|---|---|
| Title | BLAKE EARL DUPREE v. COUNTY OF LOS ANGELES *et al.* | | |

Defendants' argument concerning facts or legal theories not stated in Plaintiff's administrative claim is unavailing. A plaintiff is not precluded from asserting additional facts or legal theories in her legal complaint as long as her administrative claim fulfills the purpose of the notice-of-claim statute: to give the public entity the opportunity to investigate and settle the claim. *See Stockett v. Ass'n of Cal. Water Agencies Joint Power Insurance Auth.*, 34 Cal. 4th 441, 446-47 (2004) (holding that plaintiff satisfied notice-of-claim statute because his additional legal theories arose from the same facts about his employment termination as those in his administrative claim). Plaintiff's theory of negligent training and supervision arises from the same facts disclosed in the administrative claim. *See Williams*, 179 Cal. App. 3d at 772-3 (1986) (holding in an excessive force case that trial court erred in granting summary adjudication against plaintiff because her legal claim for negligent hiring and supervision arose from the same facts stated in her administrative claim). None of Plaintiff's facts in the administrative claim – that Plaintiff was Tasered, fell from the top bunk, ordered to stand up and walk, and carried down the hallway – contradicts those in Plaintiff's complaint. The actions that Plaintiff described in the administrative claim are sufficient to give notice of a potential legal claim for failure to timely summon medical help. Thus, Plaintiff's acknowledgment that medical care was provided does not contradict his claim that Defendants failed to provide "immediate medical care" or take "reasonable action to summon medical care." FAC ¶ 33.

Defendants' attempt to restrict Plaintiff's claims to only those officers named in the administrative claim could have merit, but a conclusive determination cannot be made at this time. A complaint is not fatally defective simply for failure to name the responsible employees in the administrative claim if, during the filing period for the administrative claim, the plaintiff has no knowledge or reason to know that these employees caused his injuries. *See* Cal. Gov. Code § 910; Zerne P. Haning *et al.*, *The Rutter Group's California Practice Guide: Personal Injury*, ¶¶ 5:13.16 (2009). However, in the lawsuit a plaintiff must plead that within the time window for filing administrative claims, he did not know or have reason to know that a particular public employee was the cause of his injury and damages. *Williams v. Braslow*, 179 Cal. App. 3d 762, 772-73 (Ct. App. 1986). Therefore, the claims against Acosta and Vande Vegte are dismissed with leave to amend the complaint to address this deficiency. It is not conceivable that Plaintiff had no reason to know about Baca's potential liability, given that he was *the* Sheriff, so the claims against him are dismissed with prejudice.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-01110 AHM (SSx) | Date | September 17, 2009 |
|---|---|---|---|
| Title | BLAKE EARL DUPREE v. COUNTY OF LOS ANGELES *et al.* | | |

**B.    The First Cause of Action for Municipal Liability for Violations of Plaintiff's Fourth, Eighth and Fourteenth Amendment Rights Is Legally Sufficient**

Defendants argue that Plaintiff's first cause of action against the County for violation of Plaintiff's Fourth, Eighth and Fourteenth Amendment rights should be dismissed for five reasons. Their arguments lack merit and they mischaracterize Plaintiff's claim.

First, Defendants contend that Plaintiff does not state the policy these Defendants maintained that allegedly violated the Plaintiff's constitutional rights, a necessary element of a 42 U.S.C. § 1983 claim, because Plaintiff admits the existence of an official policy against Tasering people who may fall. Plaintiff alleges multiple wrongful policies, specifically the Sheriff's Department's "policy" of ignoring a "long history of complaints and lawsuits" and policies regarding Tasering, provision of medical care, cell extraction, and fingerprinting that resulted in injuries similar to that suffered by Plaintiff. FAC ¶¶ 10, 55-56. Although Plaintiff notes the existence of an official policy against inappropriate Tasering, his complaint, fairly construed, is that if these other wrongful policies, either official or unofficial, were not themselves invidious, the actual practice of not adhering to them was.

Second, they contend that Plaintiff does not specify the constitutional rights violated, a necessary element of a § 1983 claim. Not so. Plaintiff alleges that the Tasering violated his Fourth, Eighth, and Fourteenth Amendment rights. FAC ¶¶ 1-19.

Third, contrary to Defendants' suggestion, Plaintiff does state that the Sheriff's Department's "policy" of ignoring a "long history of complaints and lawsuits" against the officers who perpetrated Plaintiff's injury was the "moving force of the constitutional violation." FAC ¶¶ 55-56.

Fourth, Defendants claim Plaintiff is asserting municipal liability under a theory of *respondeat superior*. But Plaintiff is not. Plaintiff alleges liability based on the Sheriff Department's policies, not simply its employment of the officers who harmed Plaintiff.

Fifth, they contend the claim is conclusory and requires unreasonable inferences.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-01110 AHM (SSx) | Date | September 17, 2009 |
|---|---|---|---|
| Title | BLAKE EARL DUPREE v. COUNTY OF LOS ANGELES *et al.* | | |

The Court disagrees. The facts regarding Plaintiff's injury and the Sheriff's Department's policies are sufficiently detailed to give Defendants notice of the asserted basis for municipal liability and to make Plaintiff's entitlement to relief plausible.

    **C.**    **The Second Cause of Action for Violation of Plaintiff's Fourth Amendment Rights Is Legally Sufficient**

According to Defendants, Plaintiff fails to specify which civil rights were violated and by which defendants.

Plaintiff does specify that the rights in question are his Fourth Amendment rights against excessive force. Plaintiff has also stated with adequate detail how Defendants caused Plaintiff's injuries: Tatreau, Holguin, Lopez, Acosta, Ruedas, Limbrick, Leach, Vande Vegte, Guerra, and Till planned and carried out the Tasering, and Acosta, and Ruedas implemented unconstitutional policies and inadequately supervised employees . (FAC ¶¶ 10, 14-15, 52, 55-56.)

    **D.**    **The Third Cause of Action for Violation of Plaintiff's Eighth Amendment Rights Is Legally Sufficient**

Defendants argue that Plaintiff's third cause of action against all Defendants should be dismissed for reasons that the Court rejected above. They also argue that California Government Code section 844.6(a)(2) immunizes the County and section 820.2 immunizes the remaining Defendants, as government officials, against liability for an injury to a prisoner. That is wrong. State immunity statutes do not protect defendants from 42 U.S.C. § 1983 claims. *See Kimes v. Stone*, 84 F.3d 1121, 1127 (9th Cir. 1996) ("Conduct by persons acting under the color of state law which is wrongful under 42 U.S.C. § 1983 . . . cannot be immunized by state law . . . . [Otherwise] state immunity . . . would transmute a basic guarantee into an illusory promise. . . .") (citation omitted).

    **E.**    **The Fifth Cause of Action for Violation of Plaintiff's Civil Rights Under the Fourteenth Amendment Is Legally Sufficient**

Defendants' argument that the Fourteenth Amendment is not self-executing is utterly misplaced, since the claim is explicitly brought pursuant to 42 U.S.C. § 1983 for

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-01110 AHM (SSx) | Date | September 17, 2009 |
|---|---|---|---|
| Title | BLAKE EARL DUPREE v. COUNTY OF LOS ANGELES *et al.* | | |

violations of Fourteenth Amendment due process and equal protection rights.

Although somewhat conclusory, Plaintiff has stated a substantive due process claim. Plaintiff alleges that "Defendants violated Plaintiff's Civil rights by intentionally depriving him of his liberty interests by fabricating or falsifying reports" and "by denying him medical care." FAC ¶ 44. Though executive official conduct must be "egregious" and must "shock the conscience" in order to allow for a claim under substantive due process, that conduct need not necessarily be intentional. *See County of Sacramento v. Lewis*, 523 U.S. 833, 845-47, 849-50 (1998). Recklessness or gross negligence can be enough to give rise to a claim under substantive due process, particularly in the context of pretrial detainees. *Id.* at 849-850. The Supreme Court has held that "the due process rights of a [pretrial detainee] are at least as great as the Eighth Amendment protections available to a convicted prisoner." *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). The Supreme Court elaborated, "Since it may suffice for Eighth Amendment liability that prison officials were deliberately indifferent to the medical needs of their prisoners, it follows that such deliberately indifferent conduct must also be enough to satisfy the fault requirement for due process claims based on the medical needs of someone jailed while awaiting trial." *County of Sacramento*, 523 U.S. at 850 (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Here, Plaintiff has alleged that Defendants acted with deliberate indifference in denying him medical care, FAC ¶ 44, an allegation bolstered by his detailed description of the officers' refusal to provide him access to medical care after his injuries, FAC ¶ 15. These allegations are sufficient for the due process claim to survive a motion to dismiss.

Plaintiff has not stated an equal protection claim, although "equal protection" is mentioned in paragraph 43.

> **F.     The Fourth Cause of Action for Failure to Intervene to Stop the Violation of Plaintiff's Civil Rights, the Sixth Cause of Action for Failure to Train, and the Eighth Cause of Action for Supervisory Liability Are Redundant**

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-01110 AHM (SSx) | Date | September 17, 2009 |
|---|---|---|---|
| Title | BLAKE EARL DUPREE v. COUNTY OF LOS ANGELES *et al.* | | |

These three claims are redundant and are therefore stricken.[2]

To the extent "failure to intervene," and "failure to train" may give rise to § 1983 liability against any of the Defendants -- *i.e.*, in cases of such gross negligence as to constitute deliberate indifference -- Plaintiff may assert such theories under the § 1983 claims currently numbered 1, 2, 3 or 5.

The eighth cause of action for § 1983 "supervisor liability" is also redundant because "supervisor liability" is clearly a theory under which Plaintiff seeks to hold Defendants Tatreau, Acosta, and Ruedas liable in the second, third and fifth causes of action, which allege violations of the Fourth, Eighth and Fourteenth Amendments. Moreover, the claim stated for "supervisor liability" against the County is not cognizable. Plaintiff does not allege any permissible basis for the County's supervisor liability other than *Monell,* which is already covered in the first cause of action.

### G. The Seventh Cause of Action for Conspiracy Should Be Dismissed With Leave to Amend as to the County

Plaintiff's seventh cause of action alleges a conspiracy to violate constitutional rights in violation of § 1983 against all Defendants except Baca.

Defendants argue this claim should be dismissed because it fails to states facts showing there was a "meeting of the minds" between conspirators to deprive Plaintiff of his rights. Plaintiff adequately pleads a meeting of the minds of all the individual Defendants. He states that the officers at the scene "gathered outside Plaintiff's cell and agreed amongst themselves to deploy the Taser against Plaintiff" even though Plaintiff was likely to fall and suffer severe bodily injury. FAC ¶¶ 13-14. Defendants misstate Plaintiff's allegations when they argue that Plaintiff alleges only that the officers met and agreed to *fingerprint* Plaintiff.

---

[2]In addition, Defendants point to a letter from Plaintiff's counsel confirming their agreement during the meet and confer process for Plaintiff to withdraw the fourth cause of action against Baca. Beck Decl., Ex. B. This would be sufficient to dismiss the fourth claim, even if it were not redundant and if the claims against Baca did not fail for lack of administrative exhaustion.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-01110 AHM (SSx) | Date | September 17, 2009 |
|---|---|---|---|
| Title | BLAKE EARL DUPREE v. COUNTY OF LOS ANGELES *et al.* | | |

Defendants next argue that the County cannot have participated in a conspiracy because it is not an individual. Neither side offers authority to show that a municipality may or may not be sued for conspiracy under 42 U.S.C. § 1983. Municipalities are "persons" and therefore may be sued under 42 U.S.C. § 1983 "when execution of a government's policy or custom . . . inflicts the injury" for which the plaintiff seeks to recover. *See Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690, 694-95 (1978). The same rationale has been used to apply 42 U.S.C. § 1985 to municipalities. *See Luke v. Abbott*, 954 F.Supp. 202, 203 n.1 (C.D. Cal. 1997) ("The *Monell* municipal liability doctrine not only applies to § 1983 cases, but also applies to conspiracy claims under 42 U.S.C. §§ 1985(3) and 1986.") (citations omitted).

The Court need not decide whether a § 1983 claim for conspiracy can be asserted against a municipality, however, because Plaintiff did not oppose Defendants' argument that Plaintiff's conspiracy claim against the County is factually deficient. "In order to survive a motion to dismiss, plaintiffs alleging a conspiracy to deprive them of their constitutional rights must include in their complaint nonconclusory allegations containing evidence, [either direct or circumstantial], of unlawful intent[.]" *Harris v. Roderick*, 126 F.3d 1189, 1195 (9th Cir. 1997) (emphasis added). A plaintiff can satisfy this standard by pleading with particularity "which defendants conspired, how they conspired and how the conspiracy led to a deprivation of his constitutional rights." *Id.* at 1196. Plaintiff makes no allegations that indicate how the County is implicated in the alleged conspiracy of the individual Sheriff's deputies.

The conspiracy claim is thus dismissed as against the County, with leave to amend.

**J. The Ninth, Tenth, and Eleventh Causes of Action for Assault, Battery and Intentional Infliction of Emotional Distress Are Sufficiently Pled As to Defendants Leach, Ruedas, Holguin, Guerra, and Lopez, but Not As to the Other Defendants**

Defendants argue that the state law claim of assault fails to specify which Defendants performed which actions. As noted above, Plaintiff alleges that all Defendants except the County, Sheriff's Department and Baca met outside Plaintiff's cell, decided to Taser him, and entered his cell, with Leach and Vande Vegte each carrying Tasers. FAC ¶ 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-01110 AHM (SSx) | Date | September 17, 2009 |
|---|---|---|---|
| Title | BLAKE EARL DUPREE v. COUNTY OF LOS ANGELES *et al.* | | |

Plaintiff has also alleged sufficient detail to provide each Defendant with notice of the factual basis of the battery claim against him. Plaintiff states that Leach Tasered him, Ruedas ordered Plaintiff to be lifted up by his nostrils, Holguin attempted to lift Plaintiff by his nostrils twice, and Holguin, Guerra, and Lopez carried and fingerprinted Plaintiff despite his statements that he could not feel his legs. FAC ¶¶ 14-15. As to the remaining individual deputies, all Plaintiff alleges is that they "watched" and "participated." *Id.* ¶ 14. Those allegations are not enough to raise the right to relief against those defendants beyond the speculative level. Accordingly, the ninth and tenth causes of action are dismissed as against Defendants Tatreau, Acosta, Limbrick, Vande Vegte, and Till with leave to amend.

Finally, Plaintiff's factual allegations on the whole support a claim for intentional infliction of emotional distress against the participating deputies. In particular, the alleged actions of the deputies after Plaintiff told them repeatedly that he could not stand up (FAC ¶ 15) could, if true, be considered extreme and outrageous and calculated to cause distress. However, Plaintiff alleges no extreme and outrageous conduct on the part of the non-participating defendants. Thus, the eleventh claim is dismissed as against Defendants Tatreau, Acosta, Limbrick, Vande Vegte, and Till with leave to amend.

### K. The Twelfth and Thirteenth Causes of Action for Negligence Are Valid as to Defendants Tratreau, Acosta and Ruedas

In the twelfth claim, Plaintiff pleads negligent supervision and hiring against Tatreau, Acosta and Ruedas.[3] In the thirteenth claim, Plaintiff alleges a general negligence claim based on excessive force and denial of medical care against all the defendants.

1. Negligent supervision and hiring

Defendant argues that the twelfth cause of action against Tatreau, Acosta and Ruedas for negligent supervision and hiring should be dismissed because the complaint:

---

[3] Plaintiff also alleges this count against Baca, but he has already been dismissed without leave to amend.

O

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-01110 AHM (SSx) | Date | September 17, 2009 |
|---|---|---|---|
| Title | BLAKE EARL DUPREE v. COUNTY OF LOS ANGELES *et al.* | | |

(1) does not clearly identify which Defendants knew or had reason to know which other Defendants would pose a risk to Plaintiff; (2) fails to state the elements of negligent supervision and hiring, and so fails to indicate whether this is a state law claim; and (3) does not include the employer, the County.

Plaintiff's complaint makes clear who is being sued as a supervisor -- Tatreau, Acosta and Ruedas - - and the facts pled are sufficient to support an inference of negligence liability. There is no requirement that Plaintiff delineate the chains of command with precision, prior to discovery, although he does state that Tatreau was a lieutenant on duty at the time of the incident. FAC ¶¶ 4, 14. Although paragraphs 76-77 are conclusory, the specific factual allegations of the acts and omissions of the individual defendants are sufficient to apprise them of the basis for the negligent supervision claim. *See id.* ¶¶ 10, 14-15.

Defendants' purported confusion about whether this is a state law claim is utterly unconvincing. It is perfectly clear in paragraphs 76 and 77 that this is a state law negligence claim. The fact that the County is not currently named in this cause of action (an inadvertent omission, says Plaintiff) does not affect the viability of this claim.

    2. State law immunities

Defendants challenge the negligence claims based on California Government Code sections 844.6(a)(2), providing for municipal immunity for injuries to prisoners, and 820.2, which immunizes public employees for discretionary acts or omissions.

California Government Code section 844.6(a)(2) does not immunize the County because section 845.6 entitles a prisoner to sue public entities for employees' failure to provide timely medical care.[4]

---

[4]California Government Code section 844.6 (a)(2) provides that "except as provided in this section and . . . 845.6 . . . a public entity is not liable for . . . [a]n injury to any prisoner." Section 845.6 provides that "a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care."

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-01110 AHM (SSx) | Date | September 17, 2009 |
|---|---|---|---|
| Title | BLAKE EARL DUPREE v. COUNTY OF LOS ANGELES *et al.* | | |

Defendants' boilerplate argument provides no clue as to just what they consider to be the discretionary acts of the individual officers at Lakewood Station. No immunity under section 820.2 exists "if the injury to another results, not from the employee's exercise of 'discretion vested in him' to undertake the act, but from his negligence in performing it after having made the discretionary decision to do so." *McCorkle v. City of Los Angeles*, 70 Cal.2d 252, 261 (1969); *see also* 2 Zerne P. Haning *et al.*, *The Rutter Group's California Practice Guide: Personal Injury*, ¶¶ 896.10 (2009). Under these principles, given the allegations against the individual officers at Lakewood Station, the Court has no basis to find that their actions are protected by the discretionary act immunity. Even if they acted within their discretion when they decided to use the Taser or when they decided to forcibly move Plaintiff after he fell from the bunk, the individual defendants would not have immunity from liability for failing to summon medical care.

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART Defendants' motion[5] and *sua sponte* STRIKES the second, third and fifth claims (as against the County and Sheriff's Department only) and the fourth, sixth and eighth claims (in their entirety). The request to strike the prayer for relief is denied. All claims against Baca are dismissed without leave to amend. All claims are dismissed against Acosta and Vande Vegte with leave to amend. The seventh claim against the County for conspiracy is dismissed with leave to amend. The ninth, tenth, and eleventh claims are dismissed against Tatreau, Acosta, Limbrick, Vande Vegte, and Till with leave to amend. The Court denies the motion to dismiss as to the rest of the claims.

Any second amended complaint must be filed by not later than October 5, 2009, or the abovementioned claims will be dismissed with prejudice. In the amended complaint Plaintiff's *Monell* claims against the County shall be placed into a single cause of action. If necessary, Plaintiff may and shall repeat and reallege parts of any preceding cause of action that he thinks provides support for the *Monell* cause of action. Plaintiff must

---

[5]Docket No. 35.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-01110 AHM (SSx) | Date | September 17, 2009 |
|---|---|---|---|
| Title | BLAKE EARL DUPREE v. COUNTY OF LOS ANGELES *et al.* | | |

specify what it is that triggered the alleged liability.  *See Iqbal*, 129 S. Ct. at 1949.

No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.

This Order is not intended for publication.

:

Initials of Preparer         SMO