UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-1110 AHM (SSx) | Date | February 3, 2010 |
| Title | Blake Earl Dupree v. County of Los Angeles, et al. | | |

Present: The Honorable  SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE

| Denise H. Lazo | | 10-1 |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Justin H. Sanders, Esq.

Attorneys Present for Defendants:

Elaine Ettingoff, Esq.

**Proceedings:** ORDER DENYING MOTION TO COMPEL DISCOVERY FOR FAILURE TO COMPLY WITH THE LOCAL RULES

On January 29, 2010, Plaintiff filed a Motion to Compel Responses to Document Requests, etc. On February 2, 2010, the Court held a telephonic hearing on the Motion. For the reasons stated below and during the hearing, the Motion is DENIED.

Once again, Plaintiff's discovery motion violated the Local Rules. The Court previously denied a discovery motion by Plaintiff for his violations of the Local Rules. (See October 27, 2009 Order Denying Motion To Compel Discovery Responses, etc.). In the October 27, 2009 Order, the Court warned Plaintiff that any discovery motion must strictly comply with the Local Rules governing discovery motions. Nevertheless, Plaintiff has again ignored the Local Rules that govern discovery motions in this district.

Plaintiff's current motion included a document labeled "Joint Stipulation," but it was not a true Joint Stipulation. The Joint Stipulation contained only Plaintiff's position and omitted any of Defendants' contentions regarding the various discovery disputes. Plaintiff included a declaration of non-cooperation. However, in the event of non-cooperation, the Local Rules do not provide for the filing of a Joint Stipulation but instead require that a party proceed by a regular noticed motion according to Local Rules 6-1, 7-9 and 7-10. See Local Rule 37-2.4.

In addition, Plaintiff's letters for initiating a meet and confer fail to comply with the express requirements of Local Rule 37-1. That rule requires the moving party's letter (1) identify each issue and/or discovery request in dispute; (2) state briefly with respect to each such issue/request the moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request); and (3) specify the terms of the discovery order to be sought. Plaintiff's Rule 37-1 letters, attached as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 09-1110 AHM (SSx) | Date | February 3, 2010 |
| Title | Blake Earl Dupree v. County of Los Angeles, et al. | | |

exhibits to his Motion, are wholly inadequate and violate the rule. Accordingly, the Motion to Compel is DENIED for failure to comply with the Local Rules. **Plaintiff is advised that it is extremely likely that any future violation of the Local Rules governing discovery will result in the imposition of monetary and/or evidentiary sanctions.**

Although the Court denies the Plaintiff's motion, the Court is nevertheless concerned about Defendants' poor cooperation in the discovery process. The Court's consideration of the current Motion to Compel, Plaintiff's counsel's declaration, and Defendants' counsel's statements during the hearing have caused the Court to have grave concerns about Defendants' counsel's conduct in this case. Defendants have failed to respond to written discovery in a timely fashion, have failed to produce documents they agreed to produce and have unreasonably delayed this litigation. Defendants' counsel's excuses -- now offered to the Court during three separate hearings -- do not explain or justify the serious delay that Defendants have imposed on the discovery process. There must be no further delays or excuses. All information and documents that Defendants have either agreed to produce or that the Court ordered Defendants to produce must be disclosed to Plaintiff no later than February 10, 2010.

The parties have demonstrated an inability to proceed civilly and professionally in the discovery process. The Court therefore imposes the following additional procedures upon the parties:

1. Plaintiff's counsel must serve a Rule 37-1 Letter upon Defendants' counsel within two days of the date of this Order regarding any outstanding discovery disputes. This letter must be an exhibit to any future discovery motion. This letter must strictly comply with the requirements of Rule 37-1.

2. The parties shall hold a further meet and confer within five days of the date of this Order. The meet and confer shall take place at Defendants' counsel's offices. Defendants' counsel shall arrange for a court reporter to be present. The court reporter shall transcribe the entire meeting. The parties shall split the cost of the court reporter evenly. The transcript from the meet and confer must be an exhibit to any future discovery motion. During the meet and confer, the parties must discuss each issue raised in the Rule 37-1 letter. Each side must propose compromises, if possible, and discuss resolution of the issues. The transcript must reflect a good faith meet and confer.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 09-1110 AHM (SSx) | Date | February 3, 2010 |
| Title | Blake Earl Dupree v. County of Los Angeles, et al. | | |

3. Counsel shall set aside a minimum of three hours of uninterrupted time for the meet and confer. No one will be excused from the meet and confer because of depositions, meetings or other obligations.

4. At the conclusion of the meet and confer, the parties shall prepare a stipulation and order reflecting any agreements that they have reached regarding discovery disputes. This written stipulation and proposed order shall be filed with the Court within five days of the meet and confer. If no agreement is reached on a particular issue, then it is unnecessary to include it in the written stipulation.

5. The first discovery motion filed by Plaintiff was nearly 200 pages long. After that motion was rejected on procedural grounds, a second motion was filed. The second motion was approximately 60 pages long. The current motion, with declarations and exhibits, is approximately 50 pages long. Each motion demonstrates a reluctance by Plaintiff's counsel to critically evaluate his discovery or motion in order to narrow and focus his motion to those requests that are essential to his case. In each motion, the Court has observed that Plaintiff includes multiple requests that are overbroad or seek information that is irrelevant to this action.[1]

In any future discovery motion, the moving party must omit unnecessary or irrelevant discovery requests. The parties must narrow their discovery to seek only that information that is necessary to the resolution of the parties' claims and defenses. Any future discovery motion must be 20 pages or less, excluding exhibits. If it is impossible for counsel to adhere to this limit, counsel must submit an Ex Parte Application demonstrating good cause for a longer motion and a proposed order to the Court for permission to file a document longer than 20 pages.

6. The Court is deeply concerned by Defendants' counsel's representation that she "did not receive" the Court's Order dated January 15, 2010. A copy of the Order is attached hereto. Counsel is admonished to ensure that her office's system for receiving emails and the Court's orders is fully operational.

7. Defendants's counsel is ordered to serve a copy of each of Plaintiff's Motions as well as this Order and the Court's January 15, 2010 Order on the County Counsel for the County of Los Angeles. Defendants' counsel must make the County Counsel aware of the

---

[1] The Court also notes, however, that it has observed that many of the requests seek relevant and discoverable information.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-1110 AHM (SSx) | Date | February 3, 2010 |
| Title | Blake Earl Dupree v. County of Los Angeles, et al. | | |

Court's grave concerns about Defendants' failure to fully participate in the discovery process. Defendants' counsel must promptly file a declaration and proof of service with the Court confirming that the County Counsel for the County of Los Angeles received Plaintiff's motions and a copy of the Court's orders.

      8. Counsel for each party shall file a Status Report no later than February 17, 2010 regarding Defendants' production (discussed during the hearing) due by February 10, 2010. If Defendants' counsel asserts that no additional responsive documents exist in response to a particular request, that representation alone is not a basis for Plaintiff to complain that Defendants are not complying with their discovery obligations. A court cannot order a party to produce documents that do not exist. A party's mere suspicion that additional documents exist does not justify a motion to compel. See e.g. Bethea v. Comcast, 218 F.R.D. 328, 329 (D.D.C. 2003)(a party's suspicion that another party has failed to respond to document requests fully and completely does not justify compelled inspection); Alexander v. F.B.I., 194 F.R.D. 305, 311 (D.D.C. 2000)(a party's mere suspicion that its opponent must have documents that it claims not to have is insufficient to warrant granting motion to compel); Ayala v. Tapia, 1991 WL 241873 at *2 (D.D.C. 1991)(denying motion to compel because party seeking production could not identify any specific information that was being withheld). Rather, the moving party must have a colorable basis for its belief that relevant, responsive documents exist and are being improperly withheld.

      If Plaintiff believes that Defendants are being dishonest about the existence of documents or have failed to conduct an adequate search, then Plaintiff must prove that dishonesty or failure to search with specific evidence. Mere speculation that "additional documents must exist" does not constitute legitimate grounds for a discovery motion. If Plaintiff, however, proves his assertion that Defendants are, in fact, purposefully withholding responsive documents or that Defendants or Defendants' counsel are not being truthful about the existence of responsive documents, it is likely that severe sanctions will follow.

      9. If the Court is dissatisfied with the status of discovery after the Court's review of the Status Reports, the Court will set a discovery conference. Defendants' counsel is advised that the Court will require the presence an appropriate representative of the County Counsel's office at that discovery conference to explain why Defendants have obstructed the discovery process.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1110 AHM (SSx) | Date | February 3, 2010 |
|---|---|---|---|
| Title | Blake Earl Dupree v. County of Los Angeles, et al. | | |

10. The parties are warned that any future violations of the rules governing discovery, violations of this Court's orders, abuse of the discovery process, or obstruction of discovery will result in the imposition of severe monetary sanctions. The Court will also consider recommending evidentiary sanctions against the offending party.

**IT IS SO ORDERED.**

: 30

Initials of Preparer

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-1110-AHM (SSx) | Date | January 15, 2010 |
|---|---|---|---|
| Title | Blake Earl Dupree v. County of Los Angeles, et al. | | |

| Present: The Honorable | SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE | |
|---|---|---|
| Denise Lazo | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

None Present  None Present

**Proceedings:** ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL

On December 11, 2009, Plaintiff Blake Earl Dupree ("Plaintiff") filed a Motion to Compel Defendants County of Los Angeles, Scott Holguin and Mark Leach (collectively "Defendants") to Respond to Discovery (the "Motion to Compel") and a Joint Stipulation. Plaintiff filed a Supplemental Memorandum in support of the Motion on December 21, 2009. The Court held a hearing on the Motion to Compel on January 5, 2010. For the reasons stated below, the Motion is GRANTED in part and DENIED in part.

In the underlying civil rights action, Plaintiff contends that Defendants used excessive force when, while trying to remove him from his cell, Defendants "Tased" him, causing Plaintiff to fall off of a bunk bed and rendering him paralyzed from the chest down. Plaintiff names eleven individual defendants as well as the County of Los Angeles and the Los Angeles Sheriff's Department.

I. Relevance

Federal Rule of Civil Procedure 26(b)(1) sets forth the standard for relevance in discovery. A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. Proc. 26(b)(1). Relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978); see also, e.g., Chavez v. Daimler, 206 F.R.D. 615, 619 (S.D. Ind. 2002). Rule 26(b)(1) further provides that "for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."

In evaluating Plaintiff's discovery requests, the Court must consider whether the requests seek evidence that is relevant to the claim or defense of any party or if Plaintiff has nevertheless demonstrated good cause for the discovery. After the Court determines that the requested information satisfies Rule 26, then the Court may consider Defendants' objections to the requests.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-1110-AHM (SSx) | Date | January 15, 2010 |
|---|---|---|---|
| Title | Blake Earl Dupree v. County of Los Angeles, et al. | | |

## II. The Official Information Privilege

Defendants have asserted, among other objections, that some of the information sought is protected by the official information privilege. However, formally claiming a privilege involves specifying which information and documents are privileged and for what reasons, especially when the nature of the information or documents does not reveal an obviously privileged matter. Clarke v. American Commerce Nat'l Bank, 974 F.2d 127, 129 (9th Cir. 1992). Defendants have not provided the necessary level of specificity to properly assert this or any other privilege. Defendants failed to describe the particular documents or information that would be responsive to the requests or to demonstrate why any particular document should be considered privileged.

Defendants rely on Sanchez v. City of Santa Ana, 936 F. 2d 1027, 1033-34 (9th Cir. 1990), in support of their assertion of the official information privilege. (Jt. Stip. at 13). Sanchez was an employment discrimination action brought against the City of Santa Ana. The plaintiff sought personnel records during discovery to assist in proving his employment discrimination claims. The Ninth Circuit recognized a "qualified privilege" for official information such as personnel records and, finding that the same information would be available to the plaintiff through interrogatories, upheld the trial court's finding that the records need not be disclosed.

Defendants here, however, overlook the fact that courts have distinguished Sanchez on the grounds that different considerations arise in civil rights suits under Section 1983 against police departments. See e.g., Soto v. City of Concord, 162 F.R.D. 603, 612 (N.D. Cal. 1995); Johnson v. Runnels, 2009 WL 900755, at * 4 (E.D. Cal. 2009). As these cases recognize, in the context of a civil rights suit against a police department, the court must balance the government's interest in protecting official information from disclosure against the plaintiff's need for the information. In civil rights cases, the balancing is "moderately pre-weighted in favor of disclosure." Kelly v. City of San Jose, 114 F.R.D. 653, 661 (N.D. Cal. 1987); Miller v. Pancucci, 141 F.R.D. 292, 300 (C.D. Cal. 1992).

These cases also recognize that, before the Court even engages in the balancing test, the party asserting the privilege (here, Defendants) must invoke the privilege by making a "substantial threshold showing." Kelly, 114 F.R.D. at 669. To make the threshold showing, defendants must submit a declaration from the head of the department having control over the records and must satisfy certain requirements. Chism v. County of San Bernardino, 159 F.R.D. 531, 532-33 (C.D. Cal. 1994); see also Johnson, 2009 WL 900755, at *4-5.

The declaration must include the following:

(1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-1110-AHM (SSx) | Date | January 15, 2010 |
| Title | Blake Earl Dupree v. County of Los Angeles, et al. | | |

Chism, 159 F.R.D. at 533; Hampton v. City of San Diego, 147 F.R.D. 227, 230-31 (S.D. Cal. 1993); Miller, 141 F.R.D. at 301.

Defendants, in a conclusory fashion, claim that they have "met their burden . . . in establishing the Privilege." (Jt. Stip. at 13). Defendants are incorrect. No declaration was submitted in support of Defendants' assertion of the official information privilege nor did Defendants show that any of the Chism factors would be implicated by the disclosure of the requested information. Defendants' argument is akin to a conclusion that personnel records are presumptively privileged and are automatically withheld. This conclusion, however, is not consistent with federal law.[1]

### III. Discovery Requests In Dispute

The Court rules on the specific discovery requests in dispute as indicated below.

### Request for Production Nos. 30-39 (Jt. Stip. at 7)

These requests seek the personnel files for the individual defendants. As discussed at the hearing, Plaintiff's Motion does not establish that the personnel files for the majority of individual defendants could possibly contain relevant information to the claims asserted in this action. The request is overbroad. However, the Court also finds that the Defendants did not properly assert the official information privilege. Defendants failed to submit any declaration in support of their assertion of this privilege, in violation of Chism and other authorities. Accordingly, Defendants assertion of the official information privilege is overruled.

Defendants assert that the request invades their right to privacy. Requests for personnel records do involve some invasion of the employee's right to privacy. Although the right to privacy is not a federally recognized privilege, federal courts have considered it in discovery disputes. See, e.g., DeMasi v. Weiss, 669 F.2d 114, 120 (3rd Cir. 1982); Cockrum v. Johnson, 917 F. Supp. 479, 481 (E.D. Tex. 1996). In determining whether privacy is subject to invasion, the court must balance defendants' asserted right to privacy against the relevance and necessity of the information sought by plaintiff. See Johnson v. Thompson, 971 F.2d 1487, 1497 (10th Cir. 1992) (citing Lukaszewicz v. Ortho Pharmaceutical Corp., 90 F.R.D. 708, 709 (E.D. Wis. 1981)); Ragge v. MCA/Universal, 165 F.R.D. 601, 604-05 (C.D. Cal. 1995) (requiring a balance of a party's right to privacy against the importance of the information to the case).

---

[1] In addition to the official information privilege, Defendants' objections included references to the "government communication, self-critical analysis, self-deliberative analysis, investigatory process and law enforcement privileges." (Jt. Stip. at 8). Defendants, however, only included argument regarding the "official information privilege." (See "The County's Position", Jt. Stip. at 12-14). Accordingly, the Court concludes that Defendants have abandoned any privilege other than the "official information privilege," at least as to the personnel records request. See, e.g., Leer v. Murphy, 844 F.2d 628, 635 (9th Cir. 1988) (issues mentioned in brief but not supported by argument are deemed abandoned).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-1110-AHM (SSx) | Date | January 15, 2010 |
| Title | Blake Earl Dupree v. County of Los Angeles, et al. | | |

Plaintiff has failed to show how the personnel files of any individual other than Tatreau, Leach or Holguin could be relevant to this action. Plaintiff offered an extremely cursory statement of the facts in his Motion to Compel. At pages 1-2 of the Joint Stipulation, Plaintiff summarizes the incident that led to his injuries. The only individual defendants mentioned by name are Leach and Holguin. Plaintiff's portion of the Joint Stipulation includes generic arguments about why personnel records should be disclosed in a civil rights case, but fails to show how any individual's records (other than those of Leach and Holguin) could possibly provide relevant information. This Court is not required to guess how each individual defendant's personnel records might be relevant to this case. See Fabriko Acquisition Corp. v. Prokos, 536 F.3d 605, 609 (7th Cir. 2008) ("It is not the job of this court to develop arguments for [counsel]"). Rather, the party moving for discovery must show the relevance of the documents or information requested. See Pulsecard, Inc. v. Discover Card Serv., Inc., 168 F.R.D. 295, 309-310 (D. Kan. 1996) (denying motion to compel where moving party failed to show relevance of requested documents).

At the hearing, Plaintiff's counsel described defendant Tatreau's role in the incident and asserted that Plaintiff had grounds to believe that others had accused Tatreau of civil rights violations. As to all other defendants, however, Plaintiff's counsel offered only vague statements regarding the relevance of their personnel records. Arguments regarding the remaining individual defendants were not asserted in the Motion to Compel and arguably were waived. Even if not waived, however, the Court finds that Plaintiff's contentions regarding defendants other than Tatreau, Leach and Holguin fail to show how their personnel records could possibly be relevant to this action. After balancing the defendants' interest in privacy against the Plaintiff's demonstration of relevance, the Court finds that, except as to Tatreau, Leach and Holguin, Defendants' interest in privacy outweighs Plaintiff's demonstration of need.

Accordingly, the Motion is GRANTED in part and DENIED in part as to Request for Production Nos. 30-39. Defendants shall produce personnel files for Defendants Tatreau, Leach and Holguin. Defendants may redact social security numbers, home addresses, family members' names, employee benefits information, and medical information. The records are subject to the protective order previously entered by this Court and subject to the restrictions set forth in that order.

Request for Production Nos. 40-49 (Jt. Stip. at 14)

This request seeks documents relating to misconduct complaints against the individual Defendants.

This request is distinguishable from the broad request for personnel files. This request seeks only misconduct complaints involving the Defendants. It is therefore a more narrow and targeted request. If complaints of misconduct exist involving the individual Defendants, these complaints could be relevant to the instant action. To the extent Defendants claim that these documents are privileged, the Court finds that the Defendants have failed to establish any privilege preventing disclosure of past civil rights or use of force complaints involving the named Defendants.

Accordingly, the Motion to Compel is GRANTED as to these requests. The request is narrowed to include only complaints pertaining to civil rights violations and/or the use of force involving the named individual Defendants.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-1110-AHM (SSx) | Date | January 15, 2010 |
| Title | Blake Earl Dupree v. County of Los Angeles, et al. | | |

Request for Production No. 60 (Jt. Stip. at 16)

This request seeks documents created in connection with any internal investigation of the incident by various government entitites. Defendants asserted the official information privilege, the self-critical analysis privilege, and the Fifth Amendment rights of the witnesses involved.

First, as acknowledged above, Defendants failed to submit the necessary declaration to support the official information privilege. See, e.g., Soto, 162 F.R.D. at 613; Chism, 159 F.R.D. at 533; Miller, 141 F.R.D. at 300; Kelly, 114 F.R.D. at 669-70.

Second, as to the self-critical analysis privilege, the Ninth Circuit has not recognized this "supposed privilege." Union Pac. R.R. Co. v. Mower, 219 F.3d 1069, 1076 n.7 (9th Cir. 2000) ("[The] assertion of a self-critical analysis privilege is particularly questionable. This court has not recognized this novel privilege."); see also Granberry v. Jet Blue Airways, 228 F.R.D. 647, 650 (N.D. Cal. 2005) ("As a matter of federal law-more specifically, as a matter of Ninth Circuit law-it is unlikely that the self-critical analysis privilege exists."). Moreover, even if it did exist, Defendants have failed to properly assert it because they have not "demonstrat[ed] that the material to be protected satisfies at least three criteria: first, the information must result from a critical self-analysis undertaken by the party seeking protection; second, the public must have a strong interest in preserving the free flow of the type of information sought; finally, the information must be of the type whose flow would be curtailed if discovery were allowed." Dowling v. American Hawaii Cruises, Inc., 971 F.2d 423, 425-26 (9th Cir. 1992). The Court therefore rejects Defendants' assertion of the "self-critical analysis" privilege.

Third, as to the Fifth Amendment privilege, Defendants' argument for the application of this privilege in a civil action was squarely rejected in Estate of Bui v. City of Westminster Police Dep't, 244 F.R.D. 591, 594-595 (C.D. Cal. 2007). In Bui, plaintiff was the estate of a deceased motorist, suing the police for violations of his civil rights. Plaintiff moved to compel the production of the internal investigation into the crash and shooting that resulted in the motorist's death. The defendants objected, asserting the police officer's Fifth Amendment rights and arguing that their statements in the internal investigation were compelled statements not to be used against the officers. The court rejected this argument, noting that the Fifth Amendment privilege only applies when a compelled statement is used in a criminal case. "The use of a person's compelled statement in a civil case against him does not violate the person's Fifth Amendment right against self-incrimination." Estate of Bui, 244 F.R.D. at 595. The court also rejected the defendants' assertion of the official information privilege as grounds to withhold the internal investigation report.

Here, Defendants cannot assert the Fifth Amendment as grounds to withhold the internal investigation documents as the statements are sought only in a civil, not criminal, case. Accordingly, these objections are overruled. The Motion to Compel is GRANTED as to Request for Production No. 60.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-1110-AHM (SSx) | Date | January 15, 2010 |
| Title | Blake Earl Dupree v. County of Los Angeles, et al. | | |

Special Interrogatory No. 2 (Jt. Stip. at 18)

This interrogatory seeks information regarding witnesses. The Court rejects Defendants' "subparts" objection as the "subparts" are related to and subsumed within the main question. The Motion to Compel as to Interrogatory No. 2 is GRANTED.

Special Interrogatory No. 3 (Jt. Stip. at 19)

This interrogatory seeks information regarding other lawsuits involving Defendants. The Court finds the interrogatory is overbroad and seeks irrelevant information. The Motion to Compel is DENIED as to this interrogatory.

Special Interrogatory No. 6 (Jt. Stip. at 22)

This interrogatory seeks misconduct complaints involving Defendants. The Court finds that the interrogatory seeks relevant information, but the question should be narrowed. Accordingly, the interrogatory is limited to "civil rights and/or use of force violations" rather than any allegation of misconduct. The time period for responsive documents is limited to 2003 to the present. With those modifications, the Motion to Compel as to Interrogatory No. 6 is GRANTED.

Special Interrogatory No. 7 (Jt. Stip. at 25)

This interrogatory seeks information regarding the Los Angeles County Sheriff's Department's internal administrative procedures, rules or regulations regarding excessive force by deputies, including information regarding whether any rule, regulation or internal administrative procedure was changed as a result of the incident at issue in this action.

The Court rejects Defendants' objections to the breadth and form of the request.

As to information about whether any rules, regulations or procedures were changed because of the incident, Defendants object, asserting that subsequent remedial measures are not discoverable. It is clear that, in general, "post-event evidence is not only admissible for purposes of proving the existence of a municipal defendant's policy or custom, but is highly probative with respect to that inquiry." Henry v. County of Shasta, 132 F.3d 512, 519 (9th Cir. 1997). If such information is admissible, it is, a fortiori, discoverable. See Fed. R. Civ. Proc. 26(b)(1). Moreover, even if evidence of subsequent remedial measures is inadmissible at trial for certain purposes under Federal Rule of Evidence 407, that rule does not pertain to pretrial discovery. See Jumper v. Yellow Corp., 176 F.R.D. 282, 284 (N.D.Ill. 1997). "'The better rule is to permit discovery, not only because Rule 407 is essentially a rule of public policy rather than of relevancy, but also because subsequent remedial measures might be admissible to prove a consequential, material fact in issue . . . .'" Id. (quoting 2 Weinstein, Evidence, ¶ 407[07] at 407-37 through 407-38); see also McCoo v. Denny's, Inc., 192 F.R.D. 675, 688 (D. Kan. 2000) ("Rule [407] limits the admissibility of evidence, and not its discovery. The Court therefore overrules this objection.")Capellupo v. F.M.C. Corp., Case No. 4-85-1239, 1988 WL 41398, at *6 (D. Minn. May 3, 1988). Accordingly, Defendants' objection based upon the "subsequent remedial measures" rule is rejected. The Motion to Compel is GRANTED as to this request.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 09-1110-AHM (SSx) | Date | January 15, 2010 |
| Title | Blake Earl Dupree v. County of Los Angeles, et al. | | |

<u>Special Interrogatory Nos. 8, 11, 20; Interrogatory to Leach Nos. 7(a) (b), (d) and (e), 14, 16; Interrogatory to Holguin Nos. 14, 16</u> (Jt. Stip. at 26 to 43)

These interrogatories all seek relevant and discoverable information. The Motion to Compel is GRANTED as to Special Interrogatory Nos. 8, 11, 20; Interrogatory to Leach Nos. 7(a), (b), (d) and (e), 14, 16; Interrogatory to Holguin Nos. 14 and 16. The Motion to Compel is DENIED as to Interrogatory to Leach No. 7 (c), (f), (g), (h) and (i).

<u>Special Interrogatory No. 15</u> (Jt. Stip. at 29)

This interrogatory seeks information for every lawsuit alleging misconduct by any and all deputies for Los Angeles County from 1990 to the present. Plaintiff agreed to limit the request to lawsuits involving Tasers and Los Angeles County filed within five years preceding the incident to the present. As limited, the Court finds that the interrogatory is no longer overbroad. The Motion to Compel is GRANTED as to Interrogatory No. 15.

<u>Special Interrogatory No. 22</u> (Jt. Stip. at 33)

This interrogatory asks for information regarding whether any rules, regulations or policies regarding excessive force were changed as a result of the incident at issue in this action.

The Court rejects Defendants' objection that the interrogatory is duplicative of Special Interrogatory No. 7. This interrogatory asks for different information than that requested in Special Interrogatory No. 7(c). Moreover, it is not limited to information about rules, regulations and policies regarding deputies' excessive force.

The Court also rejects Defendants' objection that the information is not discoverable because it is evidence of subsequent remedial procedures. See <u>Jumper</u>, 176 F.R.D. at 284; <u>McCoo</u>, 192 F.R.D. at 688; <u>Capellupo</u>, 1988 WL 41398, at *6. Accordingly, the Motion to Compel is GRANTED as to this Interrogatory.

<u>Interrogatory to Leach No. 15</u> (Jt. Stip. at 40)

This interrogatory seeks information regarding all complaints of misconduct against Defendant Leach connected with his employment as a deputy. The request seeks relevant information, but is overbroad as written. The request is modified to exclude "verbal" complaints and is limited to complaints alleging civil rights and/or use of force violations within five years preceding the incident to the present. The Motion to Compel is GRANTED as to this request as modified.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-1110-AHM (SSx) | Date | January 15, 2010 |
| Title | Blake Earl Dupree v. County of Los Angeles, et al. | | |

### Interrogatory to Leach No. 24 (Jt. Stip. at 44)

This interrogatory seeks information regarding all communications, verbal or otherwise, Defendant Leach had regarding the incident at issue. This request is overbroad. The Motion to Compel as to this interrogatory is DENIED.

### Interrogatory to Holguin No. 15 (Jt. Stip. at 48)

This interrogatory seeks information regarding all complaints of misconduct against Defendant Holguin connected with his employment as a deputy. The request is modified to exclude "verbal" complaints and limited to complaints alleging civil rights or excessive force violations within the five years preceding the incident to the present. The request is further modified to exclude subpart (g). The Motion to Compel is GRANTED as to this request as modified.

### Interrogatory to Holguin No. 22 (Jt. Stip. at 52-53)

It is not entirely clear in the Joint Stipulation, but it appears that Interrogatory No. 22 seeks all communications by Holguin regarding the incident. This request is overbroad. The Motion to Compel as to this interrogatories is DENIED.

### Interrogatory to Holguin No. 23 (Jt. Stip. at 52-53)

This interrogatory seeks the name and badge numbers of deputies who participated in the decision to deploy the Taser against Plaintiff. This request seeks relevant and discoverable information. The Motion to Compel as to this interrogatory is GRANTED.

## IV. Conclusion

The Court GRANTS in part and DENIES in part the Motion to Compel, as discussed above. All supplemental responses must be served within fourteen (14) calendar days of the date of this Order. All responsive documents must be produced within fourteen (14) calendar days of the date of this Order.

IT IS SO ORDERED.

| | |
|---|---|
| Initials of Preparer | dhl |